UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN S. HILKEVICH, | : |
| Plaintiff, | : Civ. No. 14-0475 (KM) (MCA) |
| v. | : OPINION |
| KARPF, KARPF & CERUTTI, P.C., et al., | : |
| Defendants. | : |

**KEVIN MCNULTY, U.S.D.J.**

### I.   INTRODUCTION

Plaintiff, John S. Hilkevich, is proceeding *pro se* with a civil rights complaint pursuant to 42 U.S.C. § 1983. I administratively terminated this case because Mr. Hilkevich had not paid the filing fee or submitted a completed application to proceed *in forma pauperis*. Mr. Hilkevich then paid the filing fee and the matter was reopened.

I must now conduct an initial review of the complaint. For the following reasons, the complaint will be dismissed with prejudice because it fails to state a claim upon which relief can be granted and seeks monetary relief from defendants who are immune from suit. *See* 28 U.S.C. § 1915A(b)(1) & (2).

### II.   BACKGROUND

The allegations of the complaint will be accepted as true for purposes of screening. Mr. Hilkevich names as defendants Karpf, Karpf & Cerutti, P.C., Justin L. Swidler, Esq., Adam C. Virant, Esq, Kevin P. Morgan, Esq., and Judge Patricia Richmond, J.S.C.

Mr. Hilkevich asserts that, in 2008, the state appellate court ordered that he be resentenced. Mr. Hilkevich's father (who had power of attorney) met with Adam C. Virant of

1

Karpf, Karpf & Cerutti for the purpose of retaining him to represent Mr. Hilkevich at the resentencing. The father paid Mr. Virant $3,000 up front, with another $3,000 due later.

On July 11, 2008, the resentencing took place. Justin L. Swidler (an attorney whom Mr. Hilkevich had never met) took the role of lead attorney. Kevin P. Morgan was the prosecutor. At resentencing, the Hon. Pamela Richmond ultimately reimposed the original sentence.

Mr. Hilkevich claims that the attorneys conducted their representation of him "deceitfully, fraudulently and incompetently." He claims that "the actions by professional litigators and officers of the Court surpass misconduct into criminal malpractice, fraud, deceit and obstruction of justice." (*Id.* at p. 8.) He seeks as damages the $6,000 paid to Karpf, Karpf & Cerutti, P.C., as well as an additional $100,000.

## III. STANDARD OF REVIEW

### A. Standard for *Sua Sponte* Dismissal

District courts must review complaints in civil actions in which a prisoner seeks redress against a governmental employee or entity. *See* 28 U.S.C. § 1915A(b). Section 1915A(b) directs district courts to dismiss *sua sponte* any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

Under *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim,[1] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)

---

[1] "[T]he legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915A is identical to the legal standard employed in ruling on 12(b)(6) motions." *See Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

(citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).

B. <u>Section 1983 Actions</u>

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

IV. DISCUSSION

A. <u>Statute of Limitations</u>

Mr. Hilkevich's complaint, which alleges that the judge, the prosecutor, and his lawyers caused him to be resentenced in violation of the Constitution, is barred by the statute of limitations. Section 1983 claims are subject to New Jersey's two-year statute of limitations on

personal injury actions. *See Patyrak v. Apgar*, 511 F. App'x 193, 195 (3d Cir. 2013) (per curiam) (citing *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010); *see also Owens v. Okure*, 488 U.S. 235, 240-41 (1989) ("42 U.S.C. § 1988 requires courts to borrow and apply to *all* § 1983 claims the one most analogous state statute of limitations," and where there are multiple statutes of limitations for particular claims, the federal court should borrow the general or residual statute for personal injury actions) (emphasis added, citations omitted); *Cito v. Bridgewater Twp. Police Dep't*, 892 F.2d 23, 24-25 (3d Cir. 1989) (concluding that in New Jersey, two-year statute of limitations set forth in N.J. STAT. ANN. § 2A: 14-2 applies to 42 U.S.C. § 1983 claims); *Wilson v. City of Newark*, No. 06-5219, 2008 WL 834398, at *4 (D.N.J. Mar. 27, 2008) (applying New Jersey's two-year statute of limitations for personal injury actions under N.J. Stat. Ann. § 2A: 14-2 to Section 1983 claim); *Scrutchins v. Div. of Youth and Family Servs.*, No. 05-0925, 2005 WL 3588481, at *6 (D.N.J. Dec. 29, 2005) ("[A]ll claims brought in New Jersey under 42 U.S.C. § 1983 . . . are subject to a two-year statute of limitations period.").

    The date when a cause of action under § 1983 accrues is determined by federal law. *See Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (citing *Genty v. Resolution Trust. Corp.*, 937 F.2d 899, 919 (3d Cir. 1991)). "Under federal law, a cause of action accrues, and the statute of limitations begins to run when the plaintiff knew or should have known of the injury upon which its action is based." *Id.* (internal quotation marks and citations omitted); *see also Estate of Lagano v. Bergen Cnty. Prosecutor's Office*, No. 12-5441, 2013 WL 3146883, at *2 (D.N.J. June 19, 2013) "As a general matter, a cause of action accrues at the time of the last event necessary to complete the tort, usually at the time the plaintiff suffers an injury." *Kach*, 589 F.3d at 634 (citing *United States v. Kubrick*, 444 U.S. 111, 120 (1979)).

The alleged tortious acts occurred at the resentencing hearing on July 11, 2008. Mr. Hilkevich, who was present, was immediately aware of them, and was immediately aware of the court's imposition of sentence, which is the crux of the injury he claims. The two-year statute of limitations thus began to run on that date, and expired on July 11, 2010. *See Monkelis v. Mobaby Chemical*, 827 F.2d 937, 938 (3d Cir. 1987) (concluding that the statute of limitations expires on the anniversary date of the event). This Section 1983 complaint was filed, at the earliest, on December 30, 2013.[2] Accordingly, the complaint is barred by the statute of limitations.[3] *See Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 111-12 (3d Cir. 2013) (per curiam) ("Although the running of the statute of limitations is ordinarily an affirmative defense, where that defense is obvious from the face of the complaint and no development of the record is necessary, a court may dismiss a time-barred complaint *sua sponte* under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.") (citing *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006)); *Hunterson v. Disabato*, 244 F. App'x 455, 457 (3d Cir. 2007) (per curiam) ("[A] district court may *sua sponte* dismiss a claim as time-barred under 28 U.S.C. § 1915A(b)(1) where it is apparent from the complaint that the applicable limitations period has run.").

---

[2] The prisoner mailbox rule provides that a plaintiff's court filing is deemed filed on the date he delivered it to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 270-71 (1988); *see also Terrell v. Benfer*, 429 F. App'x 74, 75 n.1 (3d Cir. 2011) (per curiam) (using date prisoner signed complaint as date he handed it to prison officials for mailing); *Maples v. Warren*, No. 12-0993, 2012 WL 1344828, at *1 n.2 (D.N.J. Apr. 16, 2012) ("Often times, when the court is unable to determine the exact date that a petitioner handed his petition to the prison officials for mailing, it will look to the signed and dated certification of the petition."). When this Court cannot determine when petitioner handed his court filing to prison officials for mailing, it will use the signed and dated certification of the document, as logically, that is the earliest date the document could have been delivered to prison officials for mailing. In this case, the complaint is dated December 30, 2013; logically, it cannot have been filed any earlier than that.

[3] Mr. Hilkevich appealed his resentencing to the Appellate Division and the New Jersey Supreme Court. The New Jersey Supreme Court denied certification on June 3, 2010. *See State v. Hilkevich*, 202 N.J. 346, 997 A.2d 230 (2010); *see also McPherson v. United States*, 392 F. App'x 938, 940 n. 1 (3d Cir. 2010) (taking judicial notice of the official record of prior court proceedings). Even if I were to assume *arguendo* that the significance of the attorneys' tortious acts did not become clear until June 3, 2010, the two-year statute of limitations would still bar this action, which was filed on December 30, 2013.

Even standing alone, the statute of limitations is sufficient to require dismissal of the complaint. There are other grounds for dismissal as well.

    B. <u>Judicial and Prosecutorial Immunity</u>

        1. <u>Judge Patricia Richmond</u>

Mr. Hilkevich asserts a Section 1983 claim against Judge Patricia Richmond, who resentenced him. More specifically, Mr. Hilkevich claims that she permitted the illegal representation of him at trial[4] and violated court rules by permitting additional testimony at the resentencing hearing.

A judicial officer enjoys immunity in the performance of her duties. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991). The immunity is absolute and cannot be overcome by allegations of bad faith or malice. *See id.* at 11. There are two exceptions: (1) for non-judicial actions (actions not taken in the judge's judicial capacity); and (2) for actions, though judicial in nature, which are taken in the complete absence of jurisdiction. *See id.* at 11-12. Whether an act by a judge is a judicial one relates "to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in [her] judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978); *see also Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 769-70 (3d Cir. 2000).

Mr. Hilkevich's claims against Judge Richmond arise from the manner in which she presided over his resentencing proceedings. Such courtroom actions and rulings are indisputably

---

[4] Mr. Hilkevich alleges in the complaint that the private attorneys who represented him during resentencing did not maintain a bona fide office in New Jersey, did not maintain a financial institution in New Jersey and did not apply for pro hac vice nor associate with a New Jersey attorney qualified to practice law as counsel of record. (*See* Dkt. No. 1 at p. 8.) These claims of violations of state rules do not give rise to a constitutional violation cognizable under Section 1983.

6

within the judicial function. The claims against her are barred by judicial immunity. Accordingly, the claims against Judge Richmond will also be dismissed with prejudice.[5]

2. <u>Defendant Kevin P. Morgan, Esq.</u>

Defendant Kevin Morgan was the prosecutor involved in Mr. Hilkevich's resentencing. Mr. Hilkevich claims that Mr. Morgan is liable because he called or permitted witnesses to be called to supplement the record at resentencing.

A state prosecuting attorney who acts within the scope of his duties in initiating and pursuing a criminal prosecution is not amenable to suit under § 1983. *See Imbler v. Pachtman*, 424 U.S. 409, 410 (1976); *see also Arsad v. Means*, 365 F. App'x 327, 329 (3d Cir. 2010) (per curiam). A prosecutor's appearance in court as an advocate of the state's position or the presentation of evidence at a hearing is protected by absolute immunity. *See Burns v. Reed*, 500 U.S. 478, 492 (1991).

Mr. Hilkevich's claims against Mr. Morgan relate to his actions in his capacity as a state prosecutor during his resentencing hearing. Accordingly, Mr. Hilkevich fails to state a claim against Mr. Morgan that entitles him to relief. Morgan is immune from suit because he was acting within the very core of his function as a prosecutor, making arguments and examining witnesses in court at the resentencing hearing of Mr. Hilkevich.[6]

The claims against Mr. Morgan will also be dismissed. The dismissal is with prejudice, as any amendment would be futile.

---

[5] For the reasons discussed above, the claims against the judge would also be barred by the statute of limitations.

[6] For the reasons discussed above, the claims against Mr. Morgan would also be barred by the statute of limitations.

C. Heck v. Humphrey

There is another problem with Mr. Hilkevich's claims. He contends that his attorneys, the prosecutor and the judge violated the Constitution and imposed a sentence that was too long. For this injury, he seeks damages under Section 1983. To the extent he challenges the constitutionality of his sentence, his claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court stated as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 486-87. As previously noted, Mr. Hilkevich's resentencing was affirmed on direct appeal. It has not been invalidated on a petition for habeas corpus or in any other proceeding. He cannot collaterally attack his sentence via an action for damages.

His claim of possible collaboration between the prosecutor and his private attorneys, for example, asserts constitutional deficiencies in his resentencing, as does his claim of misconduct by the prosecutor and the judge. Such a claim would be barred by *Heck*. *See North v. Jones*, No. 11-0865, 2012 WL 3044279, at *2 (M.D. La. July 12, 2012) (noting that plaintiff's claim of conspiracy and legal malpractice between criminal defense attorney and prosecutor are barred by *Heck* as such a claim would, if successful, disclose constitutional deficiencies in the pertinent

criminal conviction); *report and recommendation adopted*, 2012 WL 3044273 (M.D. La. July 25, 2012); *Hill v. Cox*, No. 11-1209, 2011 WL 5101571, at *2 n. 1 (N.D. Tex. Sept. 9, 2011) ("[A]ny claim for monetary damages against Plaintiff's defense attorney is barred by the doctrine of *Heck* . . . [as] [a] ruling in Plaintiff's favor on the various negligence or legal malpractice claims pled against defense counsel would necessarily imply the invalidity of his criminal conviction."), *report and recommendation adopted*, 2011 WL 5101506 (N.D. Tex. Oct. 25, 2011).

For this reason, too, the Section 1983 claims should be dismissed.[7]

### D. Claims Against the Private Attorney Defendants

Mr. Hilkevich also asserts claims against Karpf, Karpf & Cerutti, Justin L. Swidler, Esq., and Adam C. Virant, Esq., the private attorneys who represented him. These, like the claims against the prosecutor and the judge, are barred by the statute of limitations and *Heck v. Humphrey*. (The immunity bar, however, does not apply.) For completeness, I note additional bases for dismissing the claims against these defendants.

State action, a necessary element of a Section 1983 action, is lacking as to the claims against these private attorneys. They are private parties, not state actors. As such, they are not proper defendants in a Section 1983 action. *See Love v. Law Office of Roberts*, No. 11-4500, 2011 WL 4916196, at *2 (D.N.J. Oct. 17, 2011) ("As a private attorney, Defendant Roberts is not a state actor for purposes of § 1983.") (citing *Polk Cnty. v. Dodson*, 454 U.S. 527, 535 (1981); *Steward v. Meeker*, 459 F.2d 669 (3d Cir. 1972); *Thomas v. Howard*, 455 F.2d 228 (3d

---

[7] I note that a dismissal under *Heck* alone would ordinarily be without prejudice. *See Brown v. City of Phila.*, 339 F. App'x 143, 145-46 (3d Cir. 2009) (per curiam) (citing *Fottler v. United States*, 73 F.3d 1064, 1065-66 (10th Cir. 1996)). However, in light of Mr. Hilkevich's failure to state a cognizable claim against these defendants for failure to allege that they were acting under color of state law and/or because the claims against them are barred by the two-year statute of limitations, the dismissal will be with prejudice.

Cir. 1972)); *Catanzaro v. Collins*, No. 09-0922, 2010 WL 1754765, at *8 (M.D. Pa. Apr. 27, 2010) ("Private attorneys and public defenders are generally not considered state actors for § 1983 purposes when acting in their capacities as attorneys.") (citing *Angelico v. Lehigh Valley Hosp., Inc.* 184 F.3d 268, 277 (3d Cir. 1999) (citing *Polk Cnty*, 454 U.S. 313)), *aff'd by*, 447 F. App'x 397 (3d Cir. 2011) (per curiam). Therefore, the allegations against these defendants fail to state a Section 1983 claim as a matter of law.

There is a potential exception to that principle. Mr. Hilkevich alleges that his private attorney had his parents and friends testify on his behalf at his resentencing in violation of state court rules. He states at one point that it was "almost as if" his attorney was collaborating with the prosecutor. (Docket no. 1 at p. 9) This may be ordinary hyperbole, or he may actually be intending to allege such collaboration and equate it to state action. Such a claim at least has a theoretical legal basis. The facts alleged in the Complaint, however, do not plausibly support such a theory; Hilkevich alleges only that the attorney should not have called these witnesses and that their testimony violated State court rules. *See, e.g.*, *Singh v. Harrison*, 412 F. App'x 430, 431 (3d Cir. 2011) (per curiam) (affirming dismissal of § 1983 claim with prejudice against private attorney but noting that there was no allegation that giving rise to plausible inference that private attorney acted under color of state law or conspired with state actors); *Stackhouse v. Crocker*, 266 F. App'x 189, 190 (3d Cir. 2008) (per curiam) (finding plaintiff failed to state a claim against private attorney specifically noting that he provides no reason that attorney should be considered to have acted under color of state law).

Even if the Section 1983 claims against these private attorneys were timely under the statute of limitations, and even if they surmounted the bar of *Heck v. Humphrey, supra,* they would be dismissed with prejudice for failure to allege state action.

Mr. Hilkevich may intend to assert a state law claim such as legal malpractice against his attorneys. This Court has original federal-question jurisdiction over Mr. Hilkevich's § 1983 claims because they arise under the Constitution and the laws of the United States. *See* 28 U.S.C. § 1331. Any state law claims might therefore asserted pursuant to this Court's supplemental jurisdiction under 28 U.S.C. § 1367. But when a court has dismissed all claims over which it had original jurisdiction, the supplemental jurisdiction statute grants the discretion to dismiss the remaining state law claims. *See* 28 U.S.C. § 1367(c)(3). As Mr. Hilkevich's federal claims have been dismissed at a very early stage, I will decline to exercise supplemental jurisdiction over his state law claims. Such claims would appropriately be asserted, if anywhere, in state court.

### E. CONCLUSION

For the foregoing reasons, the federal claims in the complaint will be dismissed with prejudice, as any potential amendment of the complaint would be futile. I decline to exercise supplemental jurisdiction over Mr. Hilkevich's state law claims. An appropriate order will be entered.

Dated: March 28, 2014

KEVIN MCNULTY
United States District Judge